NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-3482

———

LA WANDA E. HERRON,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-08-cv-01417)
District Judge: Hon. Mary L. Cooper

———

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2010

Before:  SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Filed: July 2, 2010)

———

OPINION

SLOVITER, Circuit Judge.

La Wanda E. Herron ("Herron") appeals the District Court's judgment affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. We will affirm.

**I.**

Herron was born on July 10, 1971. She completed some college courses but did not receive a degree. Her past work experience includes employment as a clerk/typist and school aid. Herron claims disability based on, inter alia, dizziness, migraines, ringing in the ears, vertigo and nausea due to vestibular dysfunction. She also suffers from depression and obesity.

Herron's application for disability benefits was denied both initially and upon reconsideration. She then requested a hearing before an Administrative Law Judge ("ALJ"). On March 3, 2006, the ALJ concluded that although Herron suffered from a severe impairment, she nonetheless possessed the residual functional capacity to perform her past relevant work as a clerk and typist and thus was not disabled. After a supplemental hearing, the ALJ issued a second decision with substantially similar findings and again concluded that Herron was not eligible for benefits. On December 10, 2007, the Appeals Council denied Herron's request to review the ALJ's decision. Herron then sought review in the District Court, pursuant to 42 U.S.C. § 405(g). On June 24, 2009, the District Court affirmed the Commissioner's decision. This appeal followed.

2

The Social Security Administration has issued a five-step process to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v). In this case, the ALJ found that (1) Herron is not currently engaged in substantial gainful activity; (2) Herron has severe impairments of vestibular dysfunction with migraines, depression, and obesity; (3) but does not have an impairment that meets or is the medical equivalent of the listed impairments; (4) has the residual functional capacity to perform sedentary work with at least simple and repetitive tasks; and (5) is capable of performing her former jobs. Thus, the ALJ concluded that Herron was not disabled and denied benefits.

## II.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. We must affirm the decision of the ALJ if there is substantial evidence to support it. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is not "a mere scintilla," but rather "such relevant evidence as a reasonable mind might accept as adequate." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (quoting *Plummer*, 186 F.3d at 427) (internal quotations omitted). This is a deferential standard of review. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).

## III.

On appeal, Herron argues that the District Court's decision to deny benefits was not supported by substantial evidence. Specifically, Herron argues that the District Court

3

incorrectly determined that she does not suffer from a listed impairment in step three and erred in finding that she can perform sedentary work in step four. These arguments are without merit.

The ALJ must not "reject evidence for no reason or for the wrong reason," but "may choose whom to credit" when considering conflicting evidence. *Plummer*, 186 F.3d at 429 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)). An appellate tribunal may not re-weigh the evidence. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). To support her case, Herron points out that the Social Security Administration awarded her disability benefits as of February 2008. The fact that she was awarded benefits subsequently does not mean that she was disabled as of June 2004, the time period in question here.

"Disturbance of labyrinthine-vestibular function" is a listed impairment in the regulations. 20 C.F.R. Part 404, Subpt. P, App. 1, § 2.07. Under the regulation, the claimant must suffer both "[d]isturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests" and "[h]earing loss established by audiometry." *Id.* The ALJ's finding that Herron did not meet this listing because she did not suffer from hearing loss was supported by substantial evidence. Both of Herron's treating physicians stated that she did not suffer from hearing loss. Although other physicians pointed to some high frequency nerve hearing loss, Herron had normal hearing through 4000Hz and 100 percent speech discrimination scores. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, §

4

2.08(A)-(B) (defining hearing loss based on hearing threshold levels up to 2000Hz and speech discrimination scores of under forty percent). Herron herself denied any hearing loss during this period. Although there was some evidence that Herron tested positive for vestibular dysfunction during this time, there was also evidence that other test results were negative. Thus, the ALJ did not rely on his own credibility judgments or speculation, but instead based his decision on substantial medical evidence.

The ALJ's finding that Herron did not suffer from other listed impairments was also supported by substantial evidence. There was substantial evidence that Herron's depression was not a significant limitation. Her treating physician reported that her migraines were manageable with medication. Although Herron is obese, there is substantial evidence that she could perform all activities of daily living and could drive and care for her children during this time. In support of these findings, Dr. Martin Fechner offered expert testimony that Herron did not meet any listed impairment. Therefore, there was substantial evidence from which the ALJ could conclude that Herron did not suffer from a listed impairment.

Likewise, there is substantial evidence to support the ALJ's finding that Herron was capable of sedentary work. Herron's treating physician, Dr. Martin Gizzi, indicated that Herron was unable to work and needed to avoid heights, bending, and stooping. But Dr. Jan Cavanaugh, a clinical psychologist, stated that Herron was capable of performing simple to complex tasks and maintaining attention and concentration. And Dr. Fechner

5

testified that Herron had no physical limits except for her vertigo. Therefore, the ALJ relied on substantial evidence that Herron was capable of certain types of work during this period.

## IV.

Because there is substantial evidence supporting the ALJ's denial of benefits to Herron, we will affirm the District Court's decision.